UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No.:
CHRISTOPHER LOEB,

                Plaintiff,                  **COMPLAINT**

-against-

COUNTY OF SUFFOLK,
SUFFOLK COUNTY POLICE OFFICER SHAWN PETERSEN,
SUFFOLK COUNTY POLICE OFFICER ERIK PEDERSEN,
SUFFOLK COUNTY POLICE OFFICER FRANK SANTANELLO,
SUFFOLK COUNTY POLICE OFFICER MATHEW KENNEALLY,
SUFFOLK COUNTY POLICE GLEN RITCHIE, and OTHER
UNIDENTIFIED JOHN DOE SUFFOLK COUNTY POLICE OFFICERS,

                Defendants.
-------------------------------------------------------------------X

      The Plaintiff, complaining of the Defendants, by their attorneys, THE CASSAR LAW FIRM, P.C. respectfully shows to this Court and alleges that he was deprived his civil rights and sustained injury because of the deprivations of his civil rights.

### JURISDICTION AND VENUE

1.     This is an action for damages for unlawful violation of civil rights under 42 U.S.C.A. § 1983and Jurisdiction is invoked under 28 U.S.C.A. § 1331.

2.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose and in which the Defendants conducted business.

### JURY DEMAND

3.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

4. Plaintiff, Christopher Loeb is a resident of Suffolk County in the State of New York.

5. Defendant, SHAWN PETERSEN, is and was a police officer employed by Defendant Suffolk County ("Defendant County") and was at all times material acting within the scope of his employment and under color of state law.

6. Defendant, ERIK PEDERSEN, is and was a police officer employed by Defendant Suffolk County ("Defendant County") and was at all times material acting within the scope of his employment and under color of state law.

7. Defendant, FRANK SANTANELLO, is and was a police officer employed by Defendant Suffolk County ("Defendant County") and was at all times material acting within the scope of his employment and under color of state law.

8. Defendant, MATHEW KENNEALLY, is and was a police officer employed by Defendant Suffolk County ("Defendant County") and was at all times material acting within the scope of his employment and under color of state law.

9. Defendant, GLEN RITCHIE, is and was a police officer employed by Defendant Suffolk County ("Defendant County") and was at all times material acting within the scope of his employment and under color of state law.

10. Defendant, JOHN DOE SUFFOLK COUNTY POLICE OFFICERS, is and was a police officer employed by Defendant Suffolk County ("Defendant County") and was at all times material acting within the scope of his employment and under color of state law.

11. At all times relevant to this complaint, Suffolk County Defendants were duly appointed and acting police officers of the Suffolk County Police Department acting under color of state

law, within the scope of their employment, pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York.

12. Defendants John Doe, whose identities are currently unknown, represent those employees of the Suffolk County Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York, who arrived at the scene or supervised the officers at the locations where Plaintiff was assaulted.

13. Defendant County of Suffolk is a body politic and corporate empowered to exercise home rule. The Suffolk County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Suffolk County Police to the duly appointed Commissioner of the Suffolk County Police Department.

## FACTS

14. On or about March 22, 2019, the Defendants arrested Christopher Loeb in Suffolk County.

15. During this arrest the Defendants physically beat, terrorized, and threatened Christopher Loeb and during this arrest the Defendants encouraged, directed and/or permitted a Suffolk County Police Dog named "BRICK" to attack the Plaintiff and as result this attack by "BRICK" the Plaintiff suffered substantial pain and serious physical injury.

16. On March 22, 2019, the Defendants including but not limited to the superior police officers at the scene, personally took part in and personally orchestrated this attack.

17. Suffolk County has a custom, policy, pattern and/or practice of permitting, ratifying and acquiescing to the use of excessive force, and has a custom, policy, pattern and/or practice of permitting, ratifying and acquiescing to the cover up of unconstitutional conduct.

18. Suffolk County has a custom, policy, pattern and/or practice of permitting, ratifying and acquiescing to the use of excessive force against the Plaintiff because the Plaintiff was a target of the Defendants as a result of the Plaintiff exposing corruption and the use of excessive force within the Suffolk County Police Department in a prior civil rights action against the County of Suffolk.

19. Suffolk County has failed to adequately screen, supervise, train and/or discipline its officers as evidenced by the actions of its policymaker.

20. The unconstitutional and tortious acts of the Defendant officers were the direct result of the custom and/or policy instituted by a Suffolk County policymaker.

## DAMAGES

21. The Defendants' unlawful, negligent, intentional, willful, purposeful, deliberately indifferent, reckless, bad-faith and/or malicious acts, misdeeds and omissions were the direct and proximate cause of Plaintiff's injuries.

22. The Defendants acts caused Plaintiff deprivation and violations of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

23. The Defendants acts were the direct and proximate cause of Plaintiff's conscious pain and suffering, permanent injuries, severe mental anguish, emotional distress, extreme fear, and denial of medical care.

24. All the alleged acts, misdeeds and omissions committed by the individual Defendants described herein for which liability is claimed were done negligently, intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of the individual Defendants meets all the standards for imposition of punitive damages.

25. Damages are in the amount to be determined at trial but are more than One Hundred and Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## COUNT ONE
## 42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

27. The attack of Plaintiff by Defendants constituted unreasonable and excessive force by police officers. Such actions were intentional, malicious, negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions and failed to prevent same and breached their duty. This summary punishment was in violation of Plaintiff's rights as guaranteed under the United States Constitution.

28. Because of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of federal laws, Plaintiff was seriously injured, and was subjected to great fear, terror, personal humiliation, and degradation, and suffered great physical pain and impairment, mental and emotional distress.

29. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages as set forth above.

## COUNT TWO
## 42 U.S.C. § 1983 MONELL CLAIM

30. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

31. The County of Suffolk, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to excessive force, and of creating false documents to justify unjustified assaults by its officers.

32. The Defendants used excessive force when Plaintiff was arrested because the Plaintiff was a target of the Defendants as a result of the Plaintiff exposing corruption and the use of excessive force within the Suffolk County Police Department in a prior civil rights action against the County of Suffolk.

33. The Defendants intentionally participated in the use of excessive force.

34. The Defendants intentionally authorized the excessive force used upon Plaintiff.

35. The Defendants were authorized by policymakers to attack the Plaintiff when this unconstitutional conduct occurred.

36. The Defendants' actions and conduct represent official government policy against the Plaintiff.

37. The County of Suffolk, by and through its final policymakers, failed to adequately hire their police officers to ensure that suspects would not be subjected to excessive force.

38. The County of Suffolk, by and through its final policymakers, failed to adequately supervise their police officers to ensure that suspects would not be subjected to excessive force.

39. The County of Suffolk, by and through its final policymakers, failed to adequately train their police officers to ensure that suspects would not be subjected to excessive force.

40. The County of Suffolk, by and through its final policymakers, failed to adequately discipline its police officers who subjected individuals to excessive force.

41. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem, did not investigate, and did not institute better hiring standards and procedures, better training programs, better supervision, did not institute proper disciplinary procedures, and wholly lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner,

understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

42. Such municipal customs, practices and/or policies, and such failures in hiring, training, supervising and disciplining its officers, amounted to deliberate indifference to the constitutional rights of individual suspects like Plaintiff and caused Plaintiff to suffer this unjustified attack and all the ongoing injuries and damages set forth above.

### COUNT THREE
### 42 U.S.C. § 1983 SUPERVISORY LIABILITY

43. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

44. Supervisory police officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Suffolk County Police Department with oversight responsibility for training, hiring, screening, instruction, supervision and discipline of police officer Defendants who deprived Plaintiff of his clearly established constitutional rights.

45. Supervisory police officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating and/or condoning the policy and/or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

46. Supervisory police officers were reckless in their failure to supervise police officer Defendants, and either knew, personally participated in and/or should have known that Defendant officers were using excessive force.

47. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the named and John Doe Defendants against Plaintiff was likely to occur.

48. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants and John Does amount to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

### COUNT FOUR
### 42 U.S.C. § 1983 FAILURE TO INTERVENE

49. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

50. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

51. That there exists a duty for Defendant Police Officers to intervene to prevent the violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

52. An opportunity to intervene to prevent the violation of civil rights existed for the Defendants in the instant case.

53. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

54. That by reason of the failure to intervene the Plaintiff suffered injuries and damages as set forth above.

**WHEREFORE**, Plaintiff prays as follows:

i. That the Court award compensatory damages to them and against the Defendants, jointly and severally, in an amount to be determined at trial;

ii. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

iii. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988; and

iv. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: October 21, 2022
       Huntington, New York

                                Respectfully submitted,
                                THE CASSAR LAW FIRM, P.C.
                                *Christopher J. Cassar, Esq.*
                                By: Christopher J. Cassar, Esq.
                                Attorneys for Plaintiff
                                13 East Carver Street
                                Huntington, New York 11743
                                (631) 271-6596
                                cjcassar@cassarlaw.com
                                Cassar Law File No: 04853

**CERTIFICATION**

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )

CHRISTOPHER LOEB, being duly sworn, deposes and says:

    I am the Plaintiff in the within action; I have read the forgoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

_____
CHRISTOPHER LOEB

Sworn to before me on this
21th day of October 2022.

_____
Notary Public

CHRISTOPHER J. CASSAR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CA4987347
Qualified in SUFFOLK COUNTY
Commission Expires OCT 15, 2025